UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:20-cr-0044-JMS-DLP |
| | ) | |
| TERRANCE MURRAY, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On July 18, 2022, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on July 6, 2022.  Defendant Murray appeared in person with his appointed counsel Gwendolyn Beitz.  The government appeared by Abhishek Kambli, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Katherine Votry-Kundich.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.      The Court advised Defendant Murray of his rights and provided him with a copy of the petition.  Defendant Murray orally waived his right to a preliminary hearing.

2.      After being placed under oath, Defendant Murray admitted violation number 1. [Docket No. 47.]

3.      The allegation to which Defendant admitted, as fully set forth in the petition, is:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant must not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance."** |

On June 13, 2022, Mr. Murray submitted to a routine drug screen, which returned positive for marijuana. When confronted with the result, he denied use. The sample was sent Alere Toxicology Services and was confirmed positive for THC metabolite on June 21, 2022.

As previously reported to the Court, Mr. Murray also tested positively for Cannabinoids on November 16, 2021 and December 20, 2021. He tested positively for Amphetamines, Cannabinoids and Cocaine on April 12, 2022.

4.    The parties stipulated that:

(a)    The highest grade of violation is a Grade C violation.

(b)    Defendant's criminal history category is V.

(c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is 7 to 13 months' imprisonment.

5.    The parties jointly recommended a sentence of seven (7) months with no supervised release to follow.  Defendant requested placement at a facility closest to Indianapolis, Indiana other than FCC Terre Haute.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of seven (7) months with no supervised release to follow.  The Magistrate Judge will make a recommendation of placement at a facility closest to Indianapolis, Indiana other than FCC Terre Haute.  The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties waived the fourteen-day period to object to the Report and Recommendation.


Date:  7/21/2022

*Paul R. Cherry*

Paul R. Cherry
United States Magistrate Judge
Southern District of Indiana


Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system